FILED

2004 MAY -7 AM 9: 26

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HORIZON AGGRESSIVE GROWTH, L.P.,

    Plaintiff,

v.                                                                 Case No. 8:03-cv-2356-T-30MSS

ROTHSTEIN-KASS, P.A., et al.,,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon the following:

1.    Defendants Sims Moss Kline & Davis, LLP and Gilbert H. Davis' Dispositive Motion to Dismiss or, in the Alternative, to Sever and Transfer (Dkt. # 6);

2.    Plaintiff's Memorandum in Opposition to the Davis Defendants' Dispositive Motion to Dismiss or, in the Alternative, to Sever and Transfer (Dkt. # 32);

3.    Defendants Rothstein-Kass, P.A., Rothstein, Kass & Company, P.C., Rothstein Kass & Company, Certified Public Accountants, P.C., and Marc J. Wolf's Motion to Dismiss (Dkt. # 9);

4.    Defendants' Memorandum of Law (Dkt. # 10);

5.    Plaintiff's Memorandum of Law in Opposition to the Kass Defendants' Motion to Dismiss (Dkt. # 37).

The Court, having considered the motions and memoranda, and having heard the arguments of counsel on April 1, 2004, finds that Rothstein-Kass, P.A., Rothstein, Kass &

53

Company, P.C., Rothstein Kass & Company, Certified Public Accountants, P.C., and Marc J. Wolf should be dismissed as Defendants and that this action should be transferred to the United States District Court for the Northern District of Georgia.

## DISCUSSION

This action is brought by Horizon Aggressive Growth L.P. ("Horizon"), a limited partnership that was organized to invest in publicly traded securities. Plaintiff filed this action on January 22, 2003, in the Circuit Court of the Twelfth Judicial Circuit in and for the County of Sarasota, Florida. That same day, Plaintiff commenced similar actions against the Defendants in the State Court of Fulton County, Georgia and the Superior Court of the State of California for the County of Los Angeles.[1] Plaintiff filed an Amended Complaint on October 10, 2003, and the Defendants removed the action to this Court on November 7, 2003.[2]

Plaintiff's Amended Complaint asserts claims against two separate groups of Defendants. The first group is composed of Horizon's auditors and accountants and includes Rothstein-Kass, P.A., Rosthein, Kass & Company, P.C., Rothstein, Kass & Company Certified Public Accountants, P.C., and Marc J. Wolf (collectively the "Kass Defendants"). The Amended Complaint alleges that the Kass Defendants failed to detect the portfolio

---

[1] A similar action was brought against the Rothstein-Kass entities by several of Horizon's limited partners in the Superior Court of the State of California for the County of Orange, in January of 2002.

[2] Removal was timely because complete diversity did not occur until the filing of the Amended Complaint.

manager, Norman L. Yu & Company, Inc.'s (the "Yu Company"), departure from Horizon's investment policy and that the Kass Defendants suspended their "analytical reviews" of Horizon's accounts. Plaintiff alleges that the Kass Defendants' actions resulted in financial losses to Horizon and its investors.

The second group of Defendants consists of the Georgia law firm of Sims Moss Kline & Davis, LLP, and Gilbert H. Davis, a partner in the firm (collectively the "Davis Defendants"). The Davis Defendants were retained to organize the limited partnership and to prepare Horizon's Private Offering Memorandum and certain management agreements. The Amended Complaint alleges that as part of their role in preparing the Private Offering Memorandum, the Davis Defendants failed to properly investigate and conduct a due diligence review of the Yu Company and other items contained in the Private Offering Memorandum. Plaintiff also alleges that the Davis Defendants negligently prepared several Asset Management Agreements by providing for "performance fees" in violation of NASD rules. Plaintiff alleges that payment of these "performance fees" resulted in a loss of approximately $1.2 million dollars.

Both the Kass Defendants and the Davis Defendants have moved to dismiss the Amended Complaint. In the alternative, the Defendants seek to sever the action and to transfer the claims to California and Georgia.

The Court agrees with Defendants that the Plaintiff's claims are improperly joined. Plaintiff's Complaint contains two separate, distinct and unrelated causes of action. The

action against the Kass Defendants arises out of accounting and auditing work performed in California and will be governed by California or Florida law. The claims against the Davis Defendants arise out of legal work performed in Georgia and are brought under Georgia law. There are no allegations that the Kass Defendants participated in the legal work or that the Davis Defendants played any part in the accounting or auditing roles. Although the Plaintiff asserts that the Defendants conspired against Plaintiff, the Complaint lacks any details or specific facts to support this claim. Accordingly, Plaintiff's claims against the Defendants shall be severed.

I.  **The Davis Defendants**

The Davis Defendants have moved to transfer this action to the Northern District of Georgia. The Davis Defendants' motion to transfer is governed by 28 U.S.C. § 1404(a), the statutory codification of the common law doctrine of *forum non conveniens*. Under § 1404(a), "the threshold consideration is whether the action 'might have been brought' in the proposed transferee district court." Windmere Corp. v. Remington Products, Inc., 617 F.Supp. 8, 10 (S.D. Fla. 1985) (citing Continental Grain v. The Barge FBL- 585, 364 U.S. 19 (1960)). An action "might have been brought" in a transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court. Hoffman v. Blaski, 363 U.S. 335, 340-344 (1960); Windmere Corp., 617 F.Supp. at 10. As the Davis Defendants

seek to transfer this case to the district court in Georgia, it must first be determined whether this case "might have been brought" in that court.

This action might have been brought in Georgia, and in fact, an identical action was filed in Georgia. The Davis Defendants are located in Georgia and are amenable to service of process in Georgia. See 28 U.S.C.A. § 1391(a)(1). Additionally, venue is proper in Georgia as a substantial part of the events giving rise to Plaintiff's claim occurred there. See 28 U.S.C. § 1391(a)(2).

Next, various factors must be weighed to determine whether a transfer to a more convenient forum is justified under 28 U.S.C. § 1404(a). Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947); Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996); Windmere, 617 F.Supp. at 10. Those factors include: (1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel presence of unwilling witnesses; (5) cost of obtaining presence of witnesses; (6) the public interest. Windmere, 617 F.Supp. at 10; see also Sibaja v. Dow Chemical Co., 757 F.2d 1215, 1217 n.4 (11th Cir. 1985); Gulf Oil Corp., 330 U.S. 501. Additionally, the "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson, 74 F.3d at 260; see Esfeld v. Costa Crociere, S.P.A., 289 F.3d 1300, 1311-12 (11th Cir. 2002).

The Court, having weighed the foregoing factors, finds that Georgia is a more convenient forum for this action. The majority of witnesses and documents are located in

Georgia, outside of this Court's subpoena power. The cost of obtaining the presence of those witnesses and documents would be greater in Florida. Moreover, Georgia law governs Plaintiff's claims. Finally, the deference typically afforded the plaintiff's choice of forum is diminished in this case because Plaintiff filed the same action against Defendants in three separate venues, including Georgia. Accordingly, this Court finds that a transfer to the United States District Court for the Northern District of Georgia is justified under 28 U.S.C. §1404(a).

## II. The Kass Defendants

The Kass Defendants have moved to dismiss the Amended Complaint for lack of personal jurisdiction. Because Plaintiff relies on this Court's diversity jurisdiction under 28 U.S.C. § 1332, personal jurisdiction over the Kass Defendant is limited to the extent permitted by: (a) the forum state's long arm statute; and (b) the requirements of due process. See Vermeulen v. Renault U.S.A., Inc., 985 F.2d 1534, 1552 (11th Cir. 1993). In this case, the forum is Florida and the reach of Florida's long arm statute is a question of Florida law. See Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1271 (11th Cir. 2002).

Florida's long arm statute, § 48.193, Fla. Stat., provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

   (b) Committing a tortious act within this state.

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the court of this state, whether or not the claim arises from that activity.

Thus, a defendant may be subject to specific jurisdiction under § 48.193(1) or general jurisdiction under § 48.193(2).

### A. "Doing Business" in Florida

Plaintiff argues that personal jurisdiction exists under Florida's long arm statute because the Kass Defendants were "doing business" in Florida. Plaintiff asserts that the Kass Defendants were doing business in Florida by providing accounting and auditing services to Plaintiff for economic gain. Plaintiff argues that although the Kass Defendants physically performed the work in California, they were providing services in Florida by regularly communicating with Florida via telephone, faxes, e-mail and the internet. Plaintiff alleges that the Kass Defendants prepared various documents, including general ledgers, financial statements, trial balances and compilations, using an on-line interface with Plaintiff's accounting system in Florida.

The Court finds that Plaintiff's argument is without merit. All of the parties contemplated that the accounting and auditing services were to be performed by the Kass Defendants in California. Plaintiff acknowledges that these services were exclusively performed in the Kass Defendant's California office. While Plaintiff argues that modern technology allowed the Kass Defendants to perform the accounting and auditing services

as if they were physically present in Florida, the Kass Defendants' actions did not rise to the level of "doing business" in Florida.[3] See Christus St. Joseph's Health Systems v. Witt Biomedical Corp., 805 So.2d 1050, 1054 (Fla. 5th DCA 2002); Pres-Kap, Inc. v. System One, Direct Access, Inc., 636 So.2d 1351, 1352-53 (Fla. 3d DCA 1994).

**B. Tortious Act in Florida**

Plaintiff also argues that the Kass Defendants are subject to personal jurisdiction in Florida because they committed a tortious act in Florida. Plaintiff cites Wendt v. Horowitz, 822 So.2d 1252, 1253 (Fla. 2002), to support its argument that section 48.193(1)(b) applies to tortious acts committed outside Florida that cause injury within the state. In Wendt, the Florida Supreme Court held that "'committing a tortious act' in Florida under section 48.193(1)(b) can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida." 822 So.2d at 1260. To support personal jurisdiction under section 48.193(1)(b), "the cause of action must arise from the communications." Id. at 1260.

Although the Kass Defendants did make numerous communications into Florida, those communications did not give rise to Plaintiff's cause of action. The basis of Plaintiff's Complaint is that the Kass Defendants failure to perform certain acts lead to Plaintiff's injuries. For example, Plaintiff alleges that the Kass Defendants failed to conduct due diligence of the Yu Company, failed to review the brokerage accounts

---

[3] Plaintiff has also failed to establish that the Kass Defendants are subject to general jurisdiction in Florida.

statements, and failed to advise of the departure from the investment strategy. None of these events occurred in Florida or arose out of the Kass Defendants' communications into Florida. "The existence of an injury in Florida, standing alone, is insufficient to establish jurisdiction pursuant to section 48.193(1)(b)." Homeway Furniture Co. of Mount Airy, Inc., 822 So.2d 533, 538 (Fla. 2d DCA 2002). Accordingly, Plaintiff has failed to demonstrate that the Kass Defendants committed a tortious act in Florida that would subject the Kass Defendants to personal jurisdiction in Florida. See Miller v. Berman, 289 F.Supp.2d 1327, 1333 (M.D.Fla. 2003); Carlyle v. Palm Beach Polo Holdings, Inc., 842 So.2d 1013, 1016-1017 (Fla. 4th DCA 2003). Accordingly, Plaintiff fails to meet its burden of demonstrating specific facts which justifies the exercise of specific personal jurisdiction over the Kass Defendants pursuant to Florida's Long Arm Statute, § 48.193(1).[4]

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Sims Moss Kline & Davis, LLP and Gilbert H. Davis' Dispositive Motion to Dismiss or, in the Alternative, to Sever and Transfer (Dkt. # 6) is **GRANTED IN PART and DENIED IN PART**. The Court finds that the Northern District of Georgia is a more appropriate forum. The Court does not address the remaining issues contained in Davis Defendants' motion.

---

[4] Because Plaintiff fails to meet Florida's long arm statute, this Court will not conduct an analysis regarding the Kass Defendants' contacts with Florida from a due process perspective.

2.   Defendants Rothstein-Kass, P.A., Rothstein, Kass & Company, P.C., Rothstein Kass & Company, Certified Public Accountants, P.C., and Marc J. Wolf's Motion to Dismiss (Dkt. # 9) is **GRANTED**.

3.   Defendants Rothstein-Kass, P.A., Rothstein, Kass & Company, P.C., and Rothstein Kass & Company, Certified Public Accountants, P.C., and Marc J. Wolf are dismissed as parties in this action.

4.   The Clerk is directed to transfer this action to the United States District Court for the Northern District of Georgia.

5.   The Clerk is directed to close this file and terminate all pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on this __7__ day of May, 2004.

```
                            _____
                            JAMES S. MOODY, JR.
                            UNITED STATES DISTRICT JUDGE
```

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2003\03-cv-2356.sever.wpd

F I L E   C O P Y

Date Printed: 05/10/2004



Notice sent to:

    John Jay Waskom, Esq.
    Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.
    2033 Main St., Suite 600
    P.O. Box 4195
    Sarasota, FL  34237

    8:03-cv-02356     ch

    Kenneth J. Catanzarite, Esq.
    Catanzarite Law Corporation
    2331 West Lincoln Ave.
    Anaheim, CA  92801

    8:03-cv-02356     ch

    Ronald L. Buschbom, Esq.
    Conroy, Simberg, Ganon, Krevans & Abel
    Huntington Plaza - Suite 702
    2000 Main St.
    Ft. Myers, FL  33901

    8:03-cv-02356     ch

    Betsy Ellwanger Gallagher, Esq.
    Cole, Scott & Kissane, P.A.
    Bridgeport Center, Suite 750
    5201 W. Kennedy Blvd.
    Tampa, FL  33609

    8:03-cv-02356     ch

    Joel M. Wolosky, Esq.
    Bondy & Schloss LLP
    60 East 42nd St.
    New York, NY  10165-0150

    8:03-cv-02356     ch

    Michael S. Reeves, Esq.
    Gorby & Reeves, P.C.
    945 East Paces Ferry Road
    21st Floor, Resurgens Plaza
    Atlanta, GA  30326

    8:03-cv-02356     ch